IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IZELL SEALS,<br><br>    Plaintiff,<br><br>  v.<br><br>JERRY CARDOZA, et al.,<br><br>    Defendants. | No. C 05-1863 SBA (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## BACKGROUND

Plaintiff Michael Izell Seals, a state prisoner currently incarcerated at San Quentin State Prison and a frequent litigant in federal court, filed the instant pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the full filing fee.

Even when the full filing fee has been paid, a federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Accordingly, the Court will screen the complaint to determine whether Defendants are required to respond.

Venue is proper in this district as the acts complained of occurred in Lake County, which is located in this district. 28 U.S.C. § 1391(b).

## DISCUSSION

**I.    Standard of Review**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Dismissal for failure to state a claim is warranted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## II. Legal Claims

Plaintiff names as Defendants various officials from the Lake County Sheriff's Department, including Sheriff Rodney K. Mitchell, Chief Crystal Eyerly, numerous jail officials as well as numerous members of the Lake County Jail Medical Department. He seeks monetary and punitive damages for alleged violations of his civil rights.

Plaintiff states that "at some point during [his] two years" at the Lake County Jail, he "became aware of all the sexual activity at this jail between officers, control tower aides, and sergeants." (Compl. at 10.) He claims to have "personally witnessed" some of the aforementioned alleged sexual activity. (Id. at 10-11.) He also claims to have "close to a month's worth of documentation on all the sexual activity at this jail." (Id. at 12.)

The Court finds that Plaintiff has not alleged any facts supporting a claim of constitutional deprivation within the meaning of § 1983. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.). Section 1983 does not impose liability for violations of duties of care arising out of state tort law. See DeShaney v. Winnebago County Dep't of Soc. Serv., 489 U.S. 189, 201-03 (1989). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. See Paul v. Davis, 424 U.S. 693, 697 (1976). Here, Plaintiff's allegations are speculative. Even if he claims to be a witness to alleged sexual activity at the jail, he has no constitutional right to be free from witnessing such sexual activity. Further, any psychological harm Plaintiff may have suffered as a result of witnessing such sexual activity is not sufficiently egregious to rise to the level of an Eighth Amendment violation. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (holding

Eighth Amendment violation requires alleged deprivation to be objectively, sufficiently serious). Additionally, any claims of mental or emotional injury are barred under 42 U.S.C. § 1997e(e), which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." Accordingly, the claims against the named Defendants relating to the alleged sexual activity at the Lake County Jail are DISMISSED with prejudice and without leave to amend.

At most, Plaintiff seems to allege that Defendants retaliated against him for filing inmate grievances to complain about the alleged sexual activity. According to the complaint, when Plaintiff started filing these inmate grievances, he claims that the employees at the Lake County Jail reacted in the following ways:

(1) A[n] officer tampered with my food tray;
(2) I got cell extracted that resulted in a[n] injury to two of my toes;
(3) I was denied x-rays on my toes;
(4) I suffered numerous cell searches and constant harassment by staff;
(5) my pro per status was threatened to be cut off if I continued to file on the sex issue at the jail;
(6) I was put on restriction as far as how much legal material I could have in my cell at one time;
(7) I was only allowed to have three (3) sheets of legal pleading paper in my cell at one time and if I was doing any legal paperwork I would have to use the three sheets in my possession and show the officer every 30 minutes or more in order to be issued another three sheets until I was finished with whatever I was working on;
(8) all my large manila envelopes [were] being taken from me and destroyed and I was only allowed one at a time. When some times it would take two to three legal envelopes to mail out some of my legal documents;
(9) they [were] searching my cells and leaving my legal documents scattered on the floor in a pile;
(10) Chief Crystal Eyerly, the Commander of the Law County Jail, held onto one of my inmate grievances for at least three months and had no intention of returning it to me because it concerned the sex issue here at the jail. And this particular inmate grievance dated: 10-6-04 presented names, dates, and times also several hand drawn diagram pictures of all the documented sexual position[s] I had personally witnessed her staff participate in while on duty at her jail;
(11) Chief Crystal Eyerly forced me to file a citizen complaint with the Lake County Sheriff's Department, Internal Affairs where on January 21, 2005 she was ordered to return it back to me;
(12) I was forced to file a citizen complaint with Internal Affairs expressing this whole sexual activity while on duty issue and its constant denial and cover up even to the level of Internal Affairs; and
(13) I [have] been called a liar, mentally ill, delusional and a person out for revenge on the jail staff for all the disciplinary writes that they have issued upon me.

3

(Compl. at 12-14.) Even after experiencing the alleged retaliatory actions, the record shows that Plaintiff continued to file numerous grievances throughout his incarceration at Lake County Jail. (Pl.'s Ex. A-Y4.) In addition, Plaintiff has successfully filed a complaint with Internal Affairs at the Lake County Sheriff's Department regarding his allegations that "correctional officers are engaging in sexual intercourse with each other while on duty at the Lake County Jail." (Pl.'s Ex. X, Internal Affairs Response Letter from Chief Deputy Jeffrey B. Markham dated Mar. 11, 2005.) In response to his allegations, Internal Affairs found his complaint "entirely and wholly without merit." Id. Upon reviewing his allegations, Internal Affairs "discovered that on many of the dates [Plaintiff has] alleged a particular officer or aide was engaged in intercourse at the jail, that officer or aide was not on duty at all." Id. In addition, it was noted that "the location of [Plaintiff's] housing made it physically impossible for [him] to have observed officers in the areas of the jail whether [he] claim[s] to have seen them." Id. Finally, Internal Affairs speculated that his complaint was "motivated by [his] resentment of the fact that jail staff [held him] accountable for [his] repeated violations of the rules of this facility, including but not limited to being disciplined as a result of [his] unfortunate desire to exposed [himself] to staff." Id.

Liberally construed, Plaintiff alleges that a retaliatory motive can be inferred against Defendants because after he filed inmate grievances complaining about the alleged sexual activity, he was, among other alleged retaliatory actions, denied timely and adequate medical treatment for his toe injury and denied access to the courts.[1] (Id.)

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). To prove

---

[1] Plaintiff does not allege a claim of deliberate indifference to his medical needs stemming from the incident involving his toe injury. He also does not allege a claim of denial of access to the courts. Nor does he allege that he has exhausted such claims through the prison administrative appeals process.

retaliation, a plaintiff must show that the defendants took adverse action against him or her that "would chill or silence a person of ordinary firmness from future First Amendment activities." White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000) (citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999)).  Retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a nexus between the two.  See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this").  Compare id. (summary judgment proper against plaintiff who could only speculate that adverse employment decision was due to his negative comments about his supervisor six or seven months earlier) with Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1315-16 (9th Cir. 1989) (evidence of timing and nature of suspensions sufficient to infer retaliatory motive).

        The filing of grievances does constitute the exercise of constitutional rights.  Rhodes, 408 F.3d at 567.  However, the simple allegation that certain retaliatory actions occurred after the grievances were filed does not, without more, establish retaliation; rather, Plaintiff must allege a nexus between the two.  See Huskey, 204 F.3d at 899.  Here, Plaintiff does not allege any nexus between the filing of his grievances and the alleged retaliatory actions.  Accordingly, Plaintiff's retaliation claim is DISMISSED with leave to amend.  He may file an amended complaint to allege that the above-referenced actions were in retaliation for the exercise of his constitutional rights.  In his amended complaint, Plaintiff must also link specific Defendants to his claim by explaining what that Defendant did that caused a violation of Plaintiff's constitutional rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right).

**III.**    **Exhaustion of Administrative Remedies**

        The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement is mandatory.  Wyatt v. Terhune, 315 F.3d 1108, 1117 n.9 (9th Cir.), cert. denied, 540 U.S. 810 (2003).  While nonexhaustion under § 1997e(a) is an affirmative defense, a prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies.  Id. at 119-20.  Accordingly, the court may dismiss a claim without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies.  See id.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  See Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers.  See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections.  See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the administrative remedies exhaustion requirement under § 1997e(a).  See id. at 1237-38.

Here, it appears from the face of the complaint that Plaintiff has not exhausted his administrative remedies as to the aforementioned retaliation claim, the only remaining possibly cognizable claim in this action.

Accordingly, the complaint is DISMISSED with leave to amend.  Within **thirty (30) days** from the date of this Order Plaintiff shall inform the Court whether he exhausted his administrative remedies with respect to his retaliation claim **before** he filed his complaint.  If Plaintiff fails to comply with this Order, the action will be dismissed without prejudice.

**IV.    Pleading Requirements**

Because Plaintiff has not been following proper pleading requirements.  All future pleadings submitted by Plaintiff to the Court shall comply with the following provisions of Rules 3-4(c)(2)-(3), and 7-4(a)(2)-(5), (b), of the Northern District of California Civil Local Rules:

Rule 3-4.  Papers Presented for Filing.

(c) General Requirements.

(2) Written Text. Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes and quotations. Typewritten text may be no less than standard pica or 12-point type in the Courier font or equivalent, spaced 10 characters per horizontal inch. Printed text, produced on a word processor or other computer, may be proportionally spaced, provided the type may not be smaller than 12-point standard font (e.g., Times New Roman). The text of footnotes and quotations must also conform to these font requirements.

(3) Identification of Paper. Except for exhibits, each paper filed with the Court must bear a footer on the lower margin of each page stating the title of the paper (e.g., "Complaint," "Defendant's Motion for Summary Judgment," etc.) or some clear and concise abbreviation. Once the Court assigns a case number to the action that case number must be included in the footer.

Rule 7-4. Brief or Memorandum of Points and Authorities.

(a) Content. In addition to complying with the applicable provisions of Civil L.R. 3-4, a brief or memorandum of points and authorities filed in support, opposition or reply to a motion must contain:

\*\*\*

(2) If in excess of 10 pages, a table of contents and a table of authorities;

(3) A statement of the issues to be decided;

(4) A succinct statement of the relevant facts; and

(5) Argument by the party, citing pertinent authorities.

(b) Length. Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text.

Civil L.R. 3-4(c)(2)-(3), 7-4(a)(2)-(5), (b).

Any pleadings which do not meet these requirements and for which prior permission to exceed the page limits has not been sought shall be returned to Plaintiff without being filed.

## **CONCLUSION**

For the foregoing reasons,

1. Plaintiff's claims against the named Defendants relating to the alleged sexual activity at the Lake County Jail are DISMISSED with prejudice and without leave to amend.

2. Plaintiff's remaining retaliation claim is DISMISSED with leave to amend. Within **thirty (30) days** of the date of this Order Plaintiff may file an amended retaliation claim to correct

7

1  the noted pleading deficiencies with respect to this claim as set forth above.  Plaintiff shall resubmit
2  <u>only</u> his retaliation claim and not the claims against the named Defendants relating to the alleged
3  sexual activity at the Lake County Jail, which have been dismissed with prejudice.

4        3.     Plaintiff must clearly label the document an "Amended Complaint," and write in the
5  case number for this action, Case No. C 05-1863 SBA (PR).  The failure to do so within the
6  thirty-day deadline will result in the dismissal of Plaintiff's retaliation claim and the dismissal of his
7  entire complaint without prejudice for failure to state a cognizable claim for relief and for failure to
8  exhaust available administrative remedies.

     IT IS SO ORDERED.

DATED: 7/11/08

                                                  SAUNDRA BROWN ARMSTRONG
                                                  United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEALS, | Case Number: CV05-01863 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| MITCHELL et al, | |
| Defendant. / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Izell Seals V77488
California State Prison - San Quentin
San Quentin, CA 94974

Dated: July 14, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk